## Abraham J. Liebman, Defendant in Error, v. William B. Austin, Plaintiff in Error.

### Gen. No. 20,478.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MAR-TIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed April 13, 1915. Rehearing denied April 27, 1915.

### Statement of the Case.

Action by Abraham J. Liebman, against William B. Austin for breach of contract. From a judgment for plaintiff, defendant appeals.

Liebman and Austin being in the position of second and third mortgagees respectively, Liebman claimed that in consideration of his forbearing to redeem the premises from a foreclosure sale Austin agreed to pay Liebman the amount of his claim. A deed was introduced in evidence conveying certain other property from the mortgagor to Austin and providing that a certain portion of the purchase price thereof should be retained by Austin to apply on incumbrances on the mortgaged property, securing Liebman's note.

CHARLES A. CHURAN, for plaintiff in error.

JOHN S. LORD, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 733*—*what shows contract to settle second mortgage in consideration of waiver of redemption.* Where a third mortgagee acquires certain other property by purchase from the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

owner of the mortgaged property by a deed reciting that a portion of the purchase price of the purchased property be retained by the third mortgagee to apply on incumbrances on the mortgaged property, including incumbrance of a second mortgagee, such recital constitutes evidence sufficient to corroborate the second mortgagee's claim that the third mortgagee promised to settle the second mortgagee's incumbrance in consideration of the second mortgagee's promise to forbear from redeeming the mortgaged property after foreclosure sale.

2. APPEAL AND ERROR, § 966*—*when question not presented in record not considered.* The question of the duty of a party to reduce damages resulting from a breach of contract will not be considered in appeal where such question is not raised in the record.

3. FRAUDS, STATUTE OF, § 118*—*when must be pleaded.* Statute of Frauds to be available as a defense must be pleaded.